﻿Citation Nr: AXXXXXXXX
Decision Date: 01/10/19 Archive Date: 01/09/19

DOCKET NO. 180910-568
DATE: January 10, 2019

ORDER

Entitlement to special monthly compensation based on the need for regular aid and attendance of another person or being permanently housebound is denied.

FINDING OF FACT

The Veteran does not have a single disability rated 100 percent; the Veteran’s service-connected disabilities do not cause the need for regular aid and attendance of another person.

CONCLUSION OF LAW

The criteria for entitlement to special monthly compensation based on the need for regular aid and attendance of another person or based on being permanently housebound have not been satisfied. 38 U.S.C. §§ 1114, 5107; 38 C.F.R. §§ 3.102, 3.350, 3.352.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework. 

The Veteran served on active duty from August 1988 to August 2008. The Veteran selected the Higher-Level Review lane when she submitted the RAMP election form. Accordingly, the July 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

1. Entitlement to special monthly compensation based on aid and attendance

The Veteran seeks entitlement to special monthly compensation (SMC) based on the need for regular aid and attendance of another person or based on being permanently housebound. 

The AOJ found that the VA Form 21-2680 completed by Dr. K. indicated that your mobility is limited due to your service-connected conditions, although you do not have loss of use of any extremity. Dr. K. reports that you require assistance with bathing and preparing your meals.

For the reasons that follow, the Board finds that SMC is not warranted.

SMC is payable if, as the result of service-connected disability, a veteran is permanently bedridden or with such significant disabilities as to be in need of regular aid and attendance. 38 U.S.C. § 1114 (l); 38 C.F.R. § 3.350 (b). A veteran will be considered in need of aid and attendance if he or she (1) is blind or so nearly blind as to have corrected visual acuity of 5/200 or less, in both eyes, or concentric contraction of the visual field to 5 degrees or less; or (2) is a patient in a nursing home because of mental or physical incapacity; or (3) establishes a factual need for aid and attendance. 38 C.F.R. § 3.351 (c).

The following factors will be considered in determining whether a veteran is in need of regular aid and attendance of another person: inability of claimant to dress or undress himself (herself), or to keep himself (herself) ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid (this will not include the adjustment of appliances which normal persons would be unable to adjust without aid, such as supports, belts, lacing at the back, etc.); inability of claimant to feed himself (herself) through loss of coordination of upper extremities or through extreme weakness; inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect the claimant from hazards or dangers incident to his or her daily environment. 38 C.F.R. § 3.352 (a). It is not required that all of the disabling conditions noted above be found to exist before a favorable rating may be made. Id. The particular personal functions which the veteran is unable to perform should be considered in connection with his or her condition as a whole. Id. It is only necessary that the evidence establish that the veteran is so helpless as to need regular aid and attendance, not that there is a constant need. Id. Being bedridden will be a proper basis for this determination. Id. 

SMC is also payable if a veteran is permanently housebound. See 38 U.S.C. § 1114 (s); 38 C.F.R. § 3.350 (i). The law provides for two avenues through which to receive this benefit: “statutorily housebound,” see 38 C.F.R. § 3.350 (i)(1), and “housebound-in-fact,” see 38 C.F.R. § 3.350 (i)(2). Under both avenues, the veteran must first have a single service-connected disability rated as 100 percent disabling. 38 C.F.R. § 3.350 (i). To be found statutorily housebound, the veteran must have additional service-connected disability or disabilities independently ratable at 60 percent, separate and distinct from the 100 percent service-connected disability and involving different anatomical segments or bodily systems. 38 C.F.R. § 3.350 (i)(1). To be found housebound-in-fact, the veteran must be permanently housebound by reason of service-connected disability or disabilities. 38 C.F.R. § 3.350 (i)(2). This requirement is met when the veteran is substantially confined as a direct result of service-connected disabilities to his or her dwelling and the immediate premises or, if institutionalized, to the ward or clinical areas, and it is reasonably certain that the disability or disabilities and resultant confinement will continue throughout his or her lifetime. Id. 

Several separately rated disabilities cannot be combined to achieve a single 100 percent rating in order to qualify for SMC. VAOGCPREC 66-91 (Aug. 15, 1991). A total disability rating for individual unemployability (TDIU) based on a single disability does, however, qualify as a single 100 percent rating for the purposes of § 3.350. Bradley v. Peake, 22 Vet. App. 280, 293 (1998).

Regarding SMC based on being permanently housebound, the Veteran does not have a single service-connected disability rated 100 percent, nor has she been granted entitlement to a TDIU. She is not institutionalized, nor is she confined to her dwelling as a direct result of service-connected disabilities. As a result, the Veteran does not meet the criteria for statutorily housebound or housebound-in-fact. 38 C.F.R. § 3.350 (i). Accordingly, SMC based on being permanently housebound is not warranted.

Unlike SMC based on being permanently housebound, SMC based on the need for aid and attendance of another person has no similar rating hurdle; thus, the Board will proceed to analyze whether entitlement to this benefit is warranted. 

The Veteran does not have corrected visual acuity of 5/200 or less in both eyes or concentric contraction of the visual field to 5 degrees or less. The Veteran is not a patient in a nursing home. Accordingly, the requirements of § 3.351(c)(1) and (2) are not met and the remainder of the analysis will focus on whether the Veteran has established a factual need for aid and attendance.

The Veteran is service-connected for depression (rated 70 percent disabling); status post hysterectomy (50 percent); residuals of right wrist fracture (30 percent); migraine headaches (30 percent); degenerative disc disease of the lumbar spine with radicular symptoms (20 percent); degenerative disc disease of the cervical spine (20 percent); right upper extremity radiculopathy (20 percent); degenerative joint disease and bursitis of the right hip (10 percent); right foot bunionectomy (10 percent); left foot bunionectomy (10 percent); degenerative joint disease with bursitis of left hip (10 percent); right ankle fracture (10 percent); irritable bowel syndrome (10 percent); left and right foot scars (10 percent each); impairment of the thighs (10 percent each); patellofemoral syndrome of the left and right knees (10 percent each); bronchiectasis (zero percent); hysterectomy scar (zero percent); eczema (zero percent); and hypertension (zero percent).

From the outset, the Board finds that the Veteran’s depression, status post hysterectomy, migraine headaches right foot bunionectomy, left foot bunionectomy, right ankle fracture, irritable bowel syndrome, left and right foot scars, impairment of the thighs, patellofemoral syndrome of the left and right knees, bronchiectasis, hysterectomy scar, eczema, and hypertension do not significantly contribute to any impairment that would result in the need for aid and attendance of another person. 

The physical impairment claimed by the Veteran results primarily from her service-connected disabilities of residuals of right wrist fracture, degenerative disc disease of the lumbar spine with radicular symptoms, degenerative disc disease of the cervical spine, right upper extremity radiculopathy, degenerative joint disease and bursitis of bilateral hips. 

A May 2016 private treatment record noted that the Veteran did not have myalgia, muscle spasm, joint pains, or joint swelling. She did not have neck pain or low back pain. Her gait and station were normal. In June 2016 she was noted to have normal upper extremities, normal gait, and no use of mobility aids. In November 2016 she again was noted to not have myalgia, muscle spasm, joint pains, or joint swelling. She did not have neck pain or low back pain. Treatment records dated between June 2016 and January 2017 show she was found to have good ability to complete activities of daily living and good nutrition; musculoskeletal assessments showed normal gait and station. There were no complaints of difficulty eating, dressing or attending to the wants of nature.

A January 2017 VA treatment record noted the Veteran had a normal gait. She had full range of neck motion and grossly normal neurologic testing.

Beginning in January 2017 private treatment records show complaints of right hip pain, with difficulty walking. In February 2017 she was noted to have an antalgic gait from right hip pain, but no mobility aids were used. 

A March 2017 VA aid and attendance examination noted that the Veteran had pain in the neck, back, arm, and hip that resulted in inability to prepare meals, and that she required help in bathing, specifically with cleaning her back. The Veteran was noted to leave home approximately once per week to attend medical appointments. 

A March 2017 VA primary care note by the same physician noted that the Veteran had difficulty with self-care due primarily to chronic pain syndrome, particularly with pain from the neck, right shoulder and arm, right hip, and low back. The Veteran reported she could not walk much more than a block. She usually used a cane. She reported she had difficulty preparing meals due to right upper extremity pain and paresthesias in the right hand. She could not stand for prolonged periods of time due to it worsening the neck, back, and right hip pain. The Veteran described difficulty with maneuvering to bathe herself, particularly in posterior areas. She had no problems with bowel or bladder control. The Veteran noted that she “can drive (has license) though usually driven by others.” Her daughter purchased the Veteran’s groceries. The Veteran managed her own finances. 

A May 2017 VA treatment record noted the Veteran’s complaints of worsening neck, back, right arm and hip pain. Regarding her level of assistance, it was noted that the Veteran “performs task safely, with or without staff assistance, with or without assistive devices; denies nutritional problems.”

The June 2017 VA aid and attendance examination listed hip and back pain as the disabilities that cause limited functioning. The examiner also noted that the Veteran was unable to feed herself (“gets tingling in right hand making it impossible to grab spoon or fork. States it is hard to do so with left non-dominant hand.”) The Veteran was also noted to be unable to prepare meals and to require assistance in bathing (“tending to her back and lower extremities.”) The Veteran was able to brush her teeth with her left hand. She was noted to leave home about once per month when she had a doctor’s appointment. 

A VA wrist examination in June 2017 noted the Veteran reported inability to use her right wrist at times. “Can’t do weight bearing or heavy lifting. Difficulty carrying bags.” Examination showed limitation of motion and complaints of right wrist pain. The examiner noted that the wrist pain did not cause functional loss. There was no evidence of pain on weight bearing. 

VA hip/thigh and back examinations in June 2017 noted that the Veteran had antalgic gait with difficulty performing heel, toe, and tandem walking, and squatting. She had difficulty getting up from a chair and on and off the examination table. Her hip and back problems would likely affect lifting/carrying heavy loads and walking/standing for prolonged periods.

The Board finds that the medical evidence of record shows that the Veteran’s service-connected disabilities, specifically residuals of right wrist fracture, degenerative disc disease of the lumbar spine with radicular symptoms, degenerative disc disease of the cervical spine, right upper extremity radiculopathy, degenerative joint disease and bursitis of the right hip, and degenerative joint disease with bursitis of left hip, do not result in inability of the Veteran to dress or undress herself or to keep herself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances; inability of claimant to feed herself through loss of coordination of upper extremities or through extreme weakness; inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect her from hazards or dangers incident to her daily environment.

Treatment records dated between January 2016 and January 2017 show she had good nutrition and there were no reported difficulties in terms of eating, dressing, driving, or attending to the wants of nature due to service-connected disabilities. While the March 2017 aid and attendance examiner noted that the Veteran was unable to prepare meals due to right arm pain/weakness, and pain in the back and right hip with standing, the Board finds that the specific examination findings and treatment records do not support such a conclusion. The May 2017 treatment record noted the Veteran did not require assistance, and the June 2017 wrist examination noted no functional loss or pain with weight bearing. While June 2017 VA examinations noted pain and limitation of motion of the hips and lower back, there was no indication that this would result in inability to prepare meals, particularly as the aid and attendance examiner noted the Veteran was able to walk for one block with a cane.

Similarly, while the June 2017 aid and attendance examiner noted that the Veteran could not feed herself due to tingling in the right hand, there was no explanation offered as to why she would not be able to eat with her left hand, particularly as the examiner noted she was able to brush her teeth with that hand. 

As to the aid and attendance examiners findings that the Veteran required assistance with bathing, specifically in washing her back and lower body regions, the other medical evidence of record does not support such a finding. The March 2017 VA treatment record referred to “difficulty with maneuvering to bathe self, particularly in posterior areas”; this is not equivalent to saying that the Veteran actually required assistance with such. Further, as noted, the May 2017 VA treatment record noted the Veteran did not require assistance. Again, there is no explanation offered as to why she would not be able to use her left hand for bathing, particularly as the examiner noted she was able to brush her teeth with that hand. The hip and back examiners referred to effects on lifting/carrying heavy loads and walking/standing for prolonged periods; they did not note inability to bathe.

In short, the Board finds that the Veteran’s service connected disabilities do not on their own, or in conjunction, result in the need for regular aid and attendance of another person as contemplated in § 3.352(a). There is no doubt to be resolved; entitlement to SMC based on the need of regular aid and attendance of another person is not warranted.

 

D. JOHNSON

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. G. Mazzucchelli, Counsel